Filed 1/20/15  P. v. Sanchez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041119 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 214502) |
| v. | |
| MIGUEL SANCHEZ, | |
| Defendant and Appellant. | |

Defendant Miguel Sanchez was charged by indictment[1] filed in July 2013 with theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a); count 19), and buying or receiving a stolen motor vehicle (Pen. Code, § 496d;[2] count 20).  The indictment further alleged that he committed the offenses for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(A)).

In April 2014, defendant pleaded no contest to theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)), and admitted that he committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(A)).  Defendant entered his plea and admission with the understanding that

---

[1] The indictment also alleged charges against several codefendants, who are not parties to this appeal.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

he would receive probation with various conditions, including six months to one year in county jail. The remaining count for buying or receiving a stolen motor vehicle (§ 496d) was taken under submission for dismissal at the time of sentencing. The probation officer subsequently prepared a waived referral memorandum and recommended certain conditions of probation.[3]

The sentencing hearing was held on May 16, 2014. Defendant objected to five of the recommended probation conditions on the grounds that they were not "within the lawful bounds of probation orders" and that "they exceed the law . . . ." Generally, the five probation conditions prohibit defendant from remaining in an area that he knows to be an area of gang-related activity, prohibit him from knowingly being within 50 feet of a school campus, prohibit him from being at a court proceeding under certain circumstances, and require him to provide all passwords to any electronic devices within his custody or control and to any social media sites. The trial court believed that the probation conditions at issue "conform[ed]" with opinions from this court.

The trial court ultimately suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions, including a seven-month jail term, which was deemed served. The court ordered defendant to pay various fines and fees and to register pursuant to section 186.30. The court also announced it was recommending to the California Department of Motor Vehicles that defendant's driving privileges be suspended (Veh. Code, § 13357). The remaining count for buying or receiving a stolen motor vehicle (§ 496d) was dismissed.

Defendant filed a timely notice of appeal and we appointed counsel to represent him in this court. Appointed counsel has filed a brief in this court which states the case

---

[3] The facts underlying defendant's offense are not contained in the record on appeal, as defendant was convicted by plea and the waived referral memorandum prepared by the probation officer contains only limited information from the victim indicating that his vehicle was stolen.

and facts but which raises no issues.  We attempted to notify defendant of his right to submit written argument in his own behalf within 30 days, by mailing the notification to his last known address, the county jail, on October 24, 2014, but the notification was returned as defendant was no longer in custody.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and have concluded that there is no arguable issue on appeal.

The judgment (order of probation) is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:




_____
MIHARA, J.




_____
MÁRQUEZ, J.